IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA**

    vs.                                        Criminal Action 2:17-cr-033
                                             JUDGE JAMES L. GRAHAM

**RICHARD D. SCHULTZ**

## REPORT AND RECOMMENDATION

The United States of America and defendant Richard D. Schultz entered into a plea agreement, executed pursuant to the provisions of Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, whereby defendant agreed to enter a plea of guilty to Count 1 of the *Information*, which charges him with failure to collect and pay over taxes in violation of 26 U.S.C.§ 7202.[1] *Plea Agreement*, Doc. 27.[2] On November 21, 2017, Defendant, accompanied by his counsel, appeared for a guilty plea proceeding. Defendant consented, pursuant to 28 U.S.C. §636(b)(3), to enter a guilty plea before a magistrate judge. *See United States v. Cukaj,* 2001 WL 1587410 at *1 (6th Cir. 2001) (magistrate judge may accept a guilty plea with the express consent of the defendant and where no objection to the report and recommendation is filed); *United States v. Torres,* 258 F.3d 791, 796 (8th Cir. 2001); *United States v. Dees,* 125 F.3d 261, 263-69 (5th Cir. 1997); *United States v. Ciapponi,* 77 F.3d 1247, 1251 (10th Cir. 1996).

Defendant previously waived his right to an indictment. *Waiver of Indictment*, Doc. 11.

---

[1] The parties previously entered into a plea agreement pursuant to the provisions of Rule 11(c)(1)(C), *see Plea Agreement*, Doc. 2, but that plea agreement was rejected by the District Judge, *Minute Entry*, Doc. 24, and Defendant was permitted to withdraw the guilty plea entered pursuant to that plea agreement. *See Transcript*, Doc. 26.

[2] The *Plea Agreement* includes an agreed sentence, an agreed restitution obligation, and a waiver of appeal rights.

During the plea proceeding, the undersigned observed the appearance and responsiveness of Defendant in answering questions. Based on that observation, the undersigned is satisfied that, at the time he entered his guilty plea, Defendant was in full possession of his faculties, was not suffering from any apparent physical or mental illness, and was not under the influence of narcotics or alcohol.

Prior to accepting Defendant's plea, the undersigned addressed Defendant personally and in open court and determined his competence to plead. Based on the observations of the undersigned, Defendant understands the nature and meaning of the charge in the *Information,* Doc. 1, and the consequences of his plea of guilty to that charge. Defendant was also addressed personally and in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that Defendant's plea is voluntary. Defendant acknowledged that the current plea agreement signed by him, his attorney and the attorney for the United States and filed on November 8, 2017, represents the only promises made by anyone regarding the charge in the *Information*. Defendant was advised that the District Judge may accept or reject the plea agreement and that, if the District Judge refuses to accept the plea agreement, Defendant may withdraw his guilty plea.

Defendant confirmed the accuracy of the statement of facts supporting the charge, which is attached to the *Plea Agreement*. He confirmed that he is pleading guilty to Count 1 of the *Information* because he is in fact guilty of that offense. The Court concludes that there is a factual basis for the plea.

The Court concludes that Defendant's plea of guilty to Count 1 of the *Information* is knowingly and voluntarily made with understanding of the nature and meaning of the charge and of the consequences of the plea.

It is therefore **RECOMMENDED** that Defendant's guilty plea to Count 1 of the *Information* be accepted.  Decision on acceptance or rejection of the current *Plea Agreement*, Doc. 27, was deferred for consideration by the District Judge.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,*  638 F.2d 947 (6th Cir. 1981).

November 21, 2017                              *s/  Norah McCann King*
 Date                                           Norah M<sup>c</sup>Cann King
                                          United States Magistrate Judge

3